IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 5 MILLION SQUARE FEET COS., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3956 |
| | § | |
| CRUM & FORSTER, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant United States Fire Insurance Company's ("U.S. Fire") Motion to Dismiss [Doc. # 20]. Plaintiff 5 Million Square Feet Cos. ("5MSQF" or "Plaintiff") has responded and moved for leave to further amend its complaint [Doc. # 23]. Upon review of the Motion, the Response, and other matters of record,[1] as well as the applicable law, the Court concludes that Defendant's Motion should be **denied**. Plaintiff's Motion will be **granted in part**.

---

[1]     Among other documents, the Court has considered an incomplete document filed by U.S. Fire entitled "Advisory to the Court Concerning Motion to Dismiss" (the "Advisory") [Doc. # 22], in which U.S. Fire asserts that the proposed amendment does not cure the alleged defect. The Advisory does not, however, explain how 5MSQF's proposed amendment fails to correct the defect. Further, the Advisory is confusing; there are at least several lines of text missing between the first and second pages. To the extent U.S. Fire argues here that "Crum & Forster" should be referred to as "Crum & Forster Insurance," the issue is addressed below.

Plaintiff, a Texas corporation, operates shopping centers and flea markets.[2]  In April 2006, vandals broke into one of Plaintiff's facilities and damaged, destroyed, and stole fixtures and equipment.[3]  Plaintiff admits that its insurance policy, issued under the name "Crum & Forster,"[4] explicitly disclaims any coverage for vandalism or theft in a building that has been vacant for more than 60 days, as 5MSQF admits the facility in question had been the time of the loss.[5]   5MSQF alleges, however, that it obtained prior to the theft a rider on its policy providing coverage for vacant buildings.  5MSQF therefore filed an insurance claim for $331,306.[6]  Defendant refused to pay the claim, and 5MSQF filed suit against "Crum & Forster" in Texas state court alleging breach of contract, violations of Texas insurance regulations and the Texas Deceptive Trade Practices Act.  Defendant removed the case to this Court.

---

[2]  The factual background of the case, as set forth here, is drawn from Plaintiff's allegations in its First Amended Complaint [Doc. # 10].  *See* First Amended Complaint, at 2, ¶ 6.

[3]  *Id*. at 2, ¶ 7.

[4]  *See* Common Policy Declarations, Policy Number 2441886057 ("the Policy"), Response, Exhibit E, at 00159.  The headings on the policy and endorsements contain a large "Crum & Forster" logo in the upper right hand corner, but include also the name "UNITED STATES FIRE INSURANCE COMPANY" immediately under the title of the first page of each section.  *Id*. at 00159, 00160, 00163, 00167, 00174, and *passim*.

[5]  *Id*. at 2-3, ¶ 8.

[6]  *Id*. at 3-4, ¶ 11.

Defendant now moves to dismiss all claims against "Crum & Forster," arguing that Crum & Forster is an assumed name of U.S. Fire and is not a legal entity that may be sued.[7] Plaintiff 5MSQF argues that it is not clear yet whether Crum & Forster had a role separate from U.S. Fire, and complains that U.S. Fire's discovery and disclosures are not definitive on the issue. Plaintiff 5MSQF nevertheless seeks by an amended complaint to clarify the identity of the party or parties it intends to sue. Plaintiff has filed a Second Amended Complaint [Doc. # 21] that, in addition to naming "United States Fire Insurance Company," lists "United States Fire Insurance Company d/b/a Crum & Forster" as a defendant.

The capacity of an entity to sue or be sued in federal court is controlled by Federal Rule of Civil Procedure 17(b). Where an entity such as "Crum & Forster" is not an individual or corporation, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Id*. In Texas, a plaintiff may sue

---

[7] Defendant's Motion, at 2. Defendant's Motion states that "Plaintiff failed to state any claim against Crum & Forster upon which relief may be granted." Defendant presumably seeks relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Yet, Defendant has submitted the affidavit of James Kraus, Vice President, Corporate Legal, for United States Fire Insurance Company. Exhibit A to Defendant's Motion. When affidavits are considered, a 12(b)(6) motion shall be treated as a motion for summary judgment. *See* FED. R. CIV. P. 12(b). The Court declines to convert this motion to one for summary judgment. There has been insufficient time for discovery thus far and summary judgment is not appropriate at this juncture. *See* FED. R. CIV. P. 56(c), (d), (f).

an assumed name used by a corporation, "but on a motion by any party or on the court's own motion the true name may be substituted." TEX. R. CIV. P. 28.

Defendant has consistently identified itself in the state and federal pleadings as "United States Fire Insurance Company, incorrectly sued as Crum & Forster."[8] To the extent "Crum & Forster" is merely an assumed name and not a separate legal entity,[9] and thus cannot be sued under Texas law, Plaintiff properly seeks to address the matter in the proposed Second Amended Complaint.[10] Plaintiff's motion for leave to amend the claims against Crum & Forster [Doc. # 23] is deemed a motion to substitute Defendant's proper name and the Second Amended Complaint, subject to the further technical correction noted below, adequately clarifies Defendant's identity.[11] Dismissal is unwarranted.

---

[8] *See, e.g.*, Defendant's Initial Disclosures [Doc. # 16], at 1. Plaintiff relies on and thus implicitly agrees to the admissibility for a limited purpose of the Kraus affidavit, which states that "[t]here is no such legal entity as CRUM & FORSTER. However, UNITED STATES FIRE INSURANCE COMPANY filed CRUM & FORSTER INSURANCE as an assumed name with the Texas Secretary of State." Exhibit A to Defendant's Motion. That affidavit is received solely for purposes of Plaintiff's motion for leave to amend the complaint to name the proper parties in this suit.

[9] The Court does not decide this issue at this time.

[10] This amendment is timely. Plaintiff timely filed the Second Amended Complaint within the time allotted by the Court in the Docket Control Order [Doc. # 15] for amendments to pleadings. *See generally* FED. R. CIV. P. 15(a).

[11] Defendant has not provided any reason to eliminate all references to "Crum & Forster" in the operative complaint. Plaintiff now refers to that entity merely as a "d/b/a" of U.S. Fire. Should there be some prejudice to a party from the inclusion of the reference to "Crum & Forster Insurance," the Court will revisit the issue of striking the reference.

Plaintiff 5MSQF asks for leave to file still another version of the complaint to correct a misnomer by substituting Defendant's assumed name "Crum & Forster Insurance" for "Crum & Forster." This amendment comports with Defendant U.S. Fire's contentions concerning the status of Crum & Forster.[12] U.S. Fire has not identified any prejudice that arises from such a technical amendment. Plaintiff accordingly will be allowed to make this proposed correction. This amendment to the complaint, however, is restricted to correction of Defendant's name. The time for amending pleadings under the Docket Control Order [Doc. # 15] in this case expired on April 13, 2007. By that date, U.S. Fire had filed the Motion but Plaintiff had not yet sought this further amendment. Thus, the proposed Third Amended Complaint is late and can accommodate only the name correction proposed by Plaintiff. No other additions to the complaint are permitted. It is therefore

**ORDERED** that Defendant United States Fire Insurance Company's Motion to Dismiss [Doc. # 20] is **DENIED**. It is further

---

[12]     *See* note 8 *supra*.

**ORDERED** that Plaintiff 5 Million Square Feet Cos.'s Motion for Leave to Amend Complaint [Doc. # 23] is **GRANTED in part** to permit Plaintiff to refer to "Crum & Forster Insurance." Plaintiff shall file its Third Amended Complaint by **July 10, 2007**.

SIGNED at Houston, Texas, this **3rd** day of **July, 2007.**

_____
Nancy F. Atlas
United States District Judge