**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| 5 MILLION SQUARE FEET COS., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3956 |
| | § | |
| CRUM & FORSTER, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This insurance case is before the Court on Plaintiff's Motion for Leave to Join Interested Party ("Motion") [Doc. # 39]. Defendants filed their Response [Doc. # 41], Plaintiff filed a Reply [Doc. # 49], and Defendants filed a Sur-Reply [Doc. # 46]. Based on the Court's review of the full record and consideration of the applicable legal standard, the Court **denies** Plaintiff's Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff 5 Million Square Feet Cos. ("5MSFC") operates shopping centers and flea markets. It obtained an insurance policy issued by United States Fire Insurance Company under the name "Crum and Forster." Plaintiff alleges that vandals broke into one of its facilities in April 2006 and damaged, destroyed, and stole certain items. Plaintiff filed an insurance claim for $331,306.00, and Defendant denied coverage based on an exclusion in the policy. On November 14, 2006, 5MSQF filed this lawsuit

in Texas state court alleging breach of contract, and violations of Texas insurance regulations and the Texas Deceptive Trade Practices Act. In the state court complaint, 5MSFC is the only Plaintiff, and the location where the vandalism occurred is identified as "Plaintiff's 4412 and 4422 North Shepherd location." *See* State Court Complaint, attached to Notice of Removal [Doc. # 1], ¶ 6. Defendant removed the case to this Court on December 13, 2006.

Plaintiff filed its Certificate of Interested Parties [Doc. # 5] on December 22, 2006. Plaintiff listed Dr. Hardam Azad as the principal of 5MSFC, Plaintiff 5MSFC, and Defendant Crum & Forster.

Plaintiff filed a First Amended Complaint [Doc. # 10] on February 10, 2007. Plaintiff added United States Fire Insurance Company as a defendant, and again identified the vandalism location as "Plaintiff's 4412 and 4422 North Shepherd location." *See* First Amended Complaint [Doc. # 10], ¶ 7.

On February 8, 2007, the parties filed their Joint Report of Meeting and Discovery/Case Management Plan ("Case Management Plan") [Doc. # 12]. In response to the instruction to identify "anticipated additional parties that should be included," the parties stated only that Plaintiff had added United States Fire Insurance Company as a defendant.

On February 16, 2007, the Court conducted an initial pretrial and scheduling conference. After reviewing the parties' Case Management Plan and discussing the various deadlines with counsel, the Court issued a Docket Control Order [Doc. # 15]. In that Order, with the parties' input and agreement, the Court set April 13, 2007, as the deadline for the joinder of new parties.

On April 11, 2007, Plaintiff filed a Second Amended Complaint [Doc. # 21], amending the identification of the "Crum and Forster" defendant as "United States Fire Insurance Company d/b/a Crum & Forster." Again, 5MSFC was the only Plaintiff. The vandalism location was amended to read "Plaintiff's 4412 and 4422 North Shepherd and 650 Crosston locations." *See* Second Amended Complaint [Doc. # 21], ¶ 6.

Defendants had moved to dismiss the First Amended Complaint, arguing that "United States Fire Insurance Company" was the only proper party. Defendants then argued that the Second Amended Complaint failed to cure Defendant's incorrect name. In response to the motion to dismiss, Plaintiff requested leave to amend again to correct the assumed name issue to read correctly "United States Fire Insurance Company d/b/a Crum & Forster Insurance." *See* Response to Motion to Dismiss [Doc. # 23], ¶ 15. Leave was granted for Plaintiff to amend for the sole purpose of correcting the assumed

name of the "Crum & Forster" defendant. The Third Amended Complaint [Doc. # 31] was filed July 3, 2007.

On October 3, 2007, almost six months after the April 13, 2007, deadline for joining new parties, Plaintiff filed this Motion. Plaintiff seeks to join Star Markets, LP ("Star Markets") as a plaintiff, asserting that Star Markets is an interested party because it was the owner of the property where the vandalism occurred.

## II.   ANALYSIS

Leave to join new parties after the deadline established by the Court's Docket Control Order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (internal quotations and citation omitted). In determining whether good cause exists, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

Plaintiff asserts that it recently discovered during the deposition of Hardam Azad that 5MSFC is an assumed name used by Azad and that Star Markets, not 5MSFC, was the owner of the subject property. Plaintiff does not explain, however, why it was unaware until Dr. Azad's deposition that it did not own the property. Plaintiff filed this lawsuit asserting that ***its*** property was vandalized. Indeed, Plaintiff filed four complaints claiming that the vandalism occurred at "Plaintiffs'" property. Plaintiff identified Dr. Azad as an interested party on December 22, 2006. Ownership of the property is a matter that has always been well within the knowledge of Plaintiff's principal, Dr. Azad. Plaintiff has not offered a satisfactory explanation for its delay in seeking leave to join what it now claims is the true owner of the property.

The Court also notes that the joinder of Star Markets is not of great importance. It is undisputed that 5MSFC, not Star Markets, is the named insured on the insurance policy. There is no suggestion that Star Markets has any rights under the insurance policy that it could enforce against Defendants. Plaintiff claims to be Star Markets' agent and claims to have been authorized by Star Markets to obtain insurance in the name of 5MSFC for the benefit of Star Markets. Consequently, while Star Markets may have an interest in the outcome of this litigation, it is not a necessary or indispensable party.

The motion for leave to join Star Markets as a plaintiff at this stage of the proceedings is untimely. The Court therefore exercises its discretion to preserve the integrity and purpose of the docket control order.

## III.  CONCLUSION AND ORDER

Plaintiff has not shown good cause for its belated request to join Star Markets as a plaintiff in this case. As a result, the Motion is untimely and fails to satisfy the requirements of Rule 16. It is hereby

**ORDERED** that Plaintiff 5 Million Square Feet Cos.'s Motion for Leave to Join Interested Party [Doc. # 39] is **DENIED**.

SIGNED at Houston, Texas, this **6th** day of **November, 2007.**

_____
Nancy F. Atlas
United States District Judge